THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MING YANG, an individual, and
POSEIDON TECHNOLOGY LIMITED,

    Plaintiffs,

    vs.

JOYGAME STUDIO LIMITED,

    Defendant.

Case No.: 1:26-cv-06417

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Ming Yang ("Yang") and POSEIDON TECHNOLOGY LIMITED

("POSEIDON") (collectively, "Plaintiffs") file this Complaint against Defendant Joygame Studio

Limited ("Defendant" or "Joygame") and allege as follows:

### NATURE OF THE ACTION

1. This is a declaratory judgment action of copyright non-infringement arising under the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the United States Copyright Act, 17

U.S.C. § 101 et seq., and Federal Rule of Civil Procedure 57. Plaintiffs seek a declaratory

judgment that Plaintiffs' mobile application Rope Escape Master (Apple ID 6756253780) (the

"App") does not infringe any copyright held or claimed by Defendant.

2. Plaintiffs further seek a judgment that Defendant has tortiously interfered with Plaintiff

Yang's contractual relationships with Apple Inc. and with Plaintiff POSEIDON's prospective

business expectancy with Apple Inc. and the U.S. consuming public.

1

3. An actual and justiciable case or controversy exists under the Federal Declaratory Judgment Act because Defendant has successfully caused the removal of Plaintiffs' Rope Escape Master from the U.S. Apple App Store through a bad-faith intellectual-property complaint to Apple Inc. (the "Apple Complaint") asserting copyright infringement claims that are baseless as a matter of law, creating ongoing business disruption and uncertainty regarding Plaintiffs' right to distribute non-infringing software to U.S. consumers.

## THE PARTIES

4. Plaintiff Ming Yang is a natural person who is a citizen and resident of the People's Republic of China. Plaintiff Yang is the Apple Developer Program account holder of record for Rope Escape Master.

5. Plaintiff POSEIDON TECHNOLOGY LIMITED is a company duly incorporated and existing under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, with its registered office at No. 12, Unit D, 3/F, Wong King Industrial Building, 2-4 Tai Yau Street, San Po Kong, Kowloon, Hong Kong. POSEIDON is the designated account holder of record for Apple Inc.'s payment instructions in respect of Rope Escape Master, is the beneficial owner of the App's United States revenue, and receives all U.S. App Store payouts for the App.

6. Plaintiffs Yang and POSEIDON jointly publish, operate, and distribute Rope Escape Master. Yang holds the Apple Developer account in his individual name; POSEIDON is the commercial operating entity that receives and accounts for the App's revenue and that has corresponded with Apple Inc. with respect to this matter.

7. Upon information and belief, Defendant Joygame Studio Limited is a company duly incorporated and existing under the laws of the Hong Kong Special Administrative Region of the

2

People's Republic of China, with its registered office at SHOP 185 G/F, HANG WAI IND. CENTRE, NO.6 KIN TAI ST., TUEN MUN, N.T., HONG KONG, and its address at Room 1201, 12/F Tai Sang Bank Building, 130-132 Des Voeux Road, Central, Hong Kong. Upon information and belief, Defendant transacts business under the contact email xiazejian@chaofanhy.cn, which Defendant itself supplied to Apple Inc. as its designated point of contact for the Apple Complaint and through which Defendant has, when it has chosen to respond at all, corresponded regarding this matter.

8. Upon information and belief, Defendant claims to be the owner of two iOS mobile applications titled "Tangle Rope: Solve Puzzle" and "Match Mania 3D."

## JURISDICTION AND VENUE

9. The Court has subject-matter jurisdiction over the federal copyright claims under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as the federal claims.

10. This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiffs' federal-law claims (Counts I and II below) arise under the United States Copyright Act and the Declaratory Judgment Act. Upon information and belief, Defendant is a foreign entity with no contacts with any individual U.S. state sufficient to establish personal jurisdiction in that state's courts of general jurisdiction. The exercise of jurisdiction is consistent with the laws of the United States and with the Due Process Clause of the Fifth Amendment because Defendant has purposefully directed conduct toward the United States as a whole by: (a) filing the Apple Complaint with Apple Inc., a corporation headquartered in Cupertino, California; (b) seeking, through that complaint, the removal of Rope Escape Master from the United States Apple App Store; (c) causing Apple Inc. to remove Rope Escape Master from the

3

United States Apple App Store on or about April 4, 2026; and (d) thereby suspending Plaintiffs' ongoing United States business operations and revenue stream. Pendent personal jurisdiction supports the exercise of jurisdiction over the state-law claims, which arise out of the same common nucleus of operative facts.

11.     Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity with no residence or regular and established place of business in the United States, and a defendant not resident in the United States may be sued in any judicial district.

## PLAINTIFFS' APP AND BUSINESS

12.     Rope Escape Master is an iOS mobile application that presents the player with rope-themed puzzle challenges. The App was developed by Plaintiffs and was first released on the U.S. Apple App Store in 2025 under Apple ID 6756253780.

13.     The U.S. Apple App Store is one of Rope Escape Master's principal distribution channels. Plaintiffs have invested substantial resources in the development, art, level design, marketing, and user acquisition for the App.

14.     Plaintiffs distribute Rope Escape Master through an arrangement in which Plaintiff Yang holds the Apple Developer Program account in his individual name, and Plaintiff POSEIDON is the designated payee on file with Apple and receives the App's U.S. App Store revenue.

15.     Before Apple Inc.'s removal of Rope Escape Master from the U.S. Apple App Store, the App was an active and revenue-generating product with a continuing United States user base.

## DEFENDANT'S BAD-FAITH IP COMPLAINT TO APPLE INC.

16.     Upon information and belief, on or about January 8, 2026, Defendant submitted to Apple Inc. an intellectual-property complaint, which Apple Inc. catalogued under reference number APP256569 (the "Apple Complaint").

17.     The Apple Complaint, as recited to Plaintiffs in Apple Inc.'s January 15, 2026 forwarding notice, asserts in substance that Rope Escape Master "copies identical level layouts and puzzle logic from [Defendant's] game 'Tangle Rope: Solve Puzzle,' and directly reproduces UI designs from 'Match Mania 3D'" and that "screenshots show non-transformative duplication." The Apple Complaint requests "immediate removal under Apple's IP policies."

18.     Apple Inc.'s January 15, 2026 forwarding notice identifies "Xia Zejian" at email address xiazejian@chaofanhy.cn as the Defendant's point of contact for the Apple Complaint.

19.     Plaintiffs do not infringe any copyright held or claimed by Defendant. The elements that Defendant identifies in the Apple Complaint — "level layouts and puzzle logic" and "UI designs" — are not, as a matter of law, protectable subject matter under the United States Copyright Act. See 17 U.S.C. § 102(b) (excluding from copyright protection any "idea, procedure, process, system, method of operation, concept, principle, or discovery").

20.     Game rules, mechanics, puzzle logic, and abstract play patterns are not copyrightable subject matter. Functional user-interface elements such as level-select grids, hint indicators, score readouts, and similar features are similarly unprotectable as methods of operation or under the doctrines of merger and scènes à faire.

21.     To the extent any element of Defendant's two applications would be protectable expression, Plaintiffs have not copied any such element. Rope Escape Master was independently created and developed by Plaintiffs' development team. Defendant has not, in the Apple Complaint or in any communication thereafter, identified any specific element of expression

5

alleged to have been copied, provided any specific point of substantial similarity, or supplied any evidence of copying-in-fact.

22.     On information and belief, Defendant has no copyright registration in the United States Copyright Office for either "Tangle Rope: Solve Puzzle" or "Match Mania 3D" that has been disclosed to Plaintiffs or Apple Inc.

23.     On information and belief, Defendant filed the Apple Complaint not in good-faith assertion of any cognizable copyright interest, but to obtain a competitive advantage in the U.S. Apple App Store by causing the removal of a competing puzzle-game application from distribution.

24.     As of the date of this Complaint, Defendant has refused to withdraw the Apple Complaint or to communicate with Plaintiffs in any manner regarding it. Rope Escape Master remains delisted from the U.S. Apple App Store.

### INJURY TO PLAINTIFFS

25.     As a direct and proximate result of Defendant's bad-faith Apple Complaint and Defendant's continued refusal to withdraw it, Apple Inc. has removed Rope Escape Master from the U.S. Apple App Store and has refused to restore the App.

26.     Plaintiffs have suffered and continue to suffer substantial monthly revenue losses, in amounts to be proven at trial.

27.     Plaintiffs have also suffered: erosion of their U.S. user base as customers migrate to competitors during the outage; reputational damage from the false implication of intellectual-property wrongdoing; disruption of product development and lost momentum; and legal and administrative costs to defend against Defendant's frivolous Apple Complaint.

28. Plaintiffs' damages continue to accrue daily and will escalate as user migration to competitors becomes permanent and as enterprise opportunities are lost.

29. The harm to Plaintiffs is irreparable and cannot be adequately remedied by money damages alone. Plaintiffs have lost market share, U.S. consumer goodwill, and U.S. App Store ranking, none of which is readily quantifiable or recoverable. Moreover, upon information and belief, Defendant is a foreign entity with no known attachable assets within the United States, rendering any future monetary judgment difficult or impossible to enforce.

30. An actual and justiciable controversy therefore exists between the Parties concerning whether Defendant has any protectable copyright interest in the elements that Defendant claims are infringed; whether Plaintiffs' Rope Escape Master infringes any rights of Defendant; and whether Defendant has tortiously interfered with Plaintiffs' contractual relationships and prospective business expectancy.

**COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT (Both Plaintiffs)**

31. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

32. Defendant has asserted, through the Apple Complaint, that Plaintiffs' Rope Escape Master infringes Defendant's claimed rights in "Tangle Rope: Solve Puzzle" and "Match Mania 3D."

33. Plaintiffs do not infringe any cognizable copyright interest of Defendant. The elements identified in the Apple Complaint — level layouts, puzzle logic, and UI designs — are not, as a matter of law, protectable subject matter under the Copyright Act. To the extent any protectable expression exists in Defendant's two applications, Plaintiffs have not copied any such expression, and Rope Escape Master was independently created.

34. Defendant's persistent assertion of the Apple Complaint, and Apple Inc.'s continued reliance on it to keep Rope Escape Master delisted, creates an actual and substantial controversy between the Parties of sufficient immediacy and reality to warrant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

35. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, Plaintiffs respectfully request a declaration by this Court that Plaintiffs' Rope Escape Master (Apple ID 6756253780) does not infringe any copyright held or claimed by Defendant.

**COUNT II: TORTIOUS INTERFERENCE WITH CONTRACT (Plaintiff Yang)**

36. Plaintiff Yang incorporates by reference the preceding paragraphs as though fully set forth herein.

37. Under Illinois law, to establish tortious interference with contract a plaintiff must prove: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of that contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other party caused by the defendant's wrongful conduct; and (5) damages.

38. Plaintiff Yang and Apple Inc. are parties to a valid and enforceable contractual relationship comprising the Apple Developer Program License Agreement and the associated Paid Applications Agreement, pursuant to which Yang is permitted to distribute Rope Escape Master through the United States Apple App Store in exchange for compliance with Apple Inc.'s terms and the sharing of revenue from paid applications.

39. Defendant was aware of Yang's contractual relationship with Apple Inc., as evidenced by Defendant's deliberate targeting of Rope Escape Master through Apple's

intellectual-property complaint program, which by design presupposes a developer-platform contractual relationship between the developer and Apple Inc.

40. Defendant intentionally and unjustifiably induced Apple Inc. to suspend Yang's distribution rights by filing the Apple Complaint, by refusing to substantiate the Apple Complaint, and by refusing to withdraw the Apple Complaint despite (a) the lack of any cognizable basis in copyright law for the allegations and (b) Plaintiffs' repeated outreach and counter-notification.

41. Apple Inc. did in fact suspend Yang's distribution of Rope Escape Master through the U.S. Apple App Store as a result of Defendant's conduct, despite Yang's continued compliance with his contractual obligations.

42. As a direct and proximate result of Defendant's tortious conduct, Yang has suffered substantial damages in amounts to be proven at trial.

## COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY (Plaintiff POSEIDON)

43. Plaintiff POSEIDON incorporates by reference the preceding paragraphs as though fully set forth herein.

44. Under Illinois law, tortious interference with prospective business expectancy requires: (1) the plaintiff's reasonable expectation of entering into or continuing a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's expectancy from ripening or continuing; and (4) damages to the plaintiff resulting from such interference.

45. POSEIDON had a reasonable expectation of continuing its established commercial relationship with Apple Inc. as the designated Account Holder on Apple's records

9

for Rope Escape Master, as the beneficial owner of the App's United States revenue, and as the recipient of the App's continuing United States revenue stream. POSEIDON further had a reasonable expectation of continuing its commercial relationship with the U.S. consuming public through the U.S. Apple App Store distribution channel.

46. To the extent that the Paid Applications Agreement on file with Apple Inc. identifies POSEIDON as a contracting party or third-party beneficiary, POSEIDON pleads in the alternative tortious interference with that contract pursuant to the elements set forth in Count II.

47. Defendant knew of POSEIDON's expectancy because Defendant's Apple Complaint was directed at Apple's commercial relationship with the developer side of Rope Escape Master, including Apple's payment relationship — a relationship that Apple's records identify in POSEIDON's name.

48. Defendant purposefully interfered with POSEIDON's prospective business expectancy by filing and maintaining the Apple Complaint without any cognizable basis in copyright law and without any good-faith effort to substantiate or resolve.

49. As a direct and proximate result of Defendant's conduct, POSEIDON has lost its continuing revenue stream from Rope Escape Master's U.S. distribution; lost U.S. market share, ranking, and user goodwill; and incurred substantial damages in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

a. A declaration that Plaintiffs' Rope Escape Master (Apple ID 6756253780) does not infringe any copyright held or claimed by Defendant in either "Tangle Rope: Solve Puzzle" or "Match Mania 3D";

10

b. A judgment that Defendant has tortiously interfered with Plaintiff Yang's contractual relationship with Apple Inc.;

c. A judgment that Defendant has tortiously interfered with Plaintiff POSEIDON's prospective business expectancy with Apple Inc. and the U.S. consuming public;

d. An award of monetary damages in an amount to be proven at trial for the harm caused to Plaintiffs' business;

e. Injunctive relief ordering Defendant to withdraw the Apple Complaint (Apple ref# APP256569) and to provide Apple Inc. with written notice that Defendant's claims against Rope Escape Master have been resolved;

f. Injunctive relief prohibiting Defendant from further interference with Plaintiffs' distribution of Rope Escape Master;

g. An award of costs and attorneys' fees as allowed by law; and

h. Any further relief as the Court may deem just and proper.


Dated: June 1, 2026                                Respectfully submitted,

                                                   _____/s/ Shuai Zhang_____

                                                   Shuai Zhang
                                                   SZ & CHI LLP
                                                   3808 Union Street Suite 9A-107
                                                   FLUSHING, NY 11354
                                                   Telephone: 216-544-8431
                                                   E-mail: Shuai.Zhang@szclaw.com

                                                   ***ATTORNEY FOR PLAINTIFFS***

11

## VERIFICATION OF MING YANG

I, MING YANG, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am a Plaintiff in the above-captioned action, that I have read the foregoing Complaint, and that the factual allegations therein are true and correct to the best of my knowledge, information, and belief.

Executed on ___ May 29, 2026.

*Ming Yang*
_____
MING YANG

12

## VERIFICATION OF POSEIDON TECHNOLOGY LIMITED

I, YANG LI, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am a director of Plaintiff POSEIDON TECHNOLOGY LIMITED, that I am duly authorized to make this verification on behalf of POSEIDON TECHNOLOGY LIMITED, that I have read the foregoing Complaint, and that the factual allegations therein are true and correct to the best of my knowledge, information, and belief.

Executed on ___May 29___, 2026.


_Yang Li_____

Name: YANG LI

Title: Director

POSEIDON TECHNOLOGY LIMITED

13